OPINION. Van Fossan, Judge: The petitioner contends that the $20,000 allowed him by the Waters Corporation as extra compensation for the year 1940 was constructively received by him in that year and hence is includible in his gross income therefor. The respondent asserts that its collection in 1941 determines the date of its taxability. The petitioner relies on the provisions of section 29.42-2, Regulations 111,[1] and asserts that they apply to the facts before us. We agree that the regulations lay down appropriate tests for constructive receipt, but we can not accept petitioner’s conclusion. Applying the regulation tests, we find that the income was not credited to the account of the'taxpayer in the taxable year, nor was it set apart for him in any manner. Though there were general funds on hand, no funds were labeled in any way as available for the taxpayer to draw upon them. He had an agreement as to the amount with the president of the corporation, but there is no evidence of any action by the board of directors binding the corporation. There are no minutes or other record of any corporate action. Such an agreement with the president was not tantamount to crediting or setting apart “to the taxpayer without any substantial limitation or restriction as to the time or manner of payment or condition on which payment is to be made,” nor can we say that such income was “made available to him so that it [could] be drawn at any time, and its receipt brought within his own control and disposition.” The book entries were not made until after the close of the taxable year. Parenthetically, it may be stated that the petitioner’s vacillation in the manner of treatment of the income in his tax return does not lend strength to his contention that the funds were actually available to him and subject to his demand and control during the taxable year 1940. We hold that the petitioners have not proven the applicability of the pertinent regulations, nor have they proven respondent’s determination to be wrong. Reviewed by the Court. Decisions will be entered for the respondent. Sec. 29.42-2. Income Not Reduced to Possession. — Income which is credited to the -account o£ or set apart for a taxpayer and which may be drawn upon by him •-<I any time is subject to tax for the year during which so credited or set apart, although not then actually reduced to possession. To constitute receipt in such a case the income must •be credited or set apart to the taxpayer without any substantial limitation or restriction -as to the time or manner of payment or condition upon which payment is to be made, and must be made available to him so that it may be drawn at any time, and its receipt brought •within his own control and disposition. A book entry, if made, should indicate an absolute transfer from one account to another. • • •